UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Case No. 15-148-8 (CRC) |
| | : | |
| Jose Marroquin, | : | |
| | : | |
| Defendant. | : | |

### GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits its memorandum in aid of sentencing.

1. **Factual Summary**

In 2014, the Federal Bureau of Investigation conducted an investigation into a cocaine and heroin distribution conspiracy that operated in Washington, D.C., Maryland, and Virginia. As part of the investigation, the government obtained court-authorization to intercept oral and text communications over certain cellphones used by used by Cristhian Ferrebu ("Ferrebu"), William Estrada ("Estrada") and Julio Cordova ("Cordova"). Between on or about February 2015, to on or about October 29, 2015, Jose Marroquin ("Marroquin") made deliveries of cocaine for Ferrebu. On March 8, 2015, Ferrebu told Marroquin to "bring one thing down to a friend," who would provide Marroquin $2100. The "friend" then told Ferrebu that he left Ferrebu that amount of money. This is consistent with two ounces of cocaine that Marroquin provided to the "friend" on behalf of Ferrebu. These amounts are consistent with redistribution by the "friend."

Marroquin spoke with Cordova on August 11, 2015, to get narcotics "for baking," or to

1

turn cocaine into crack cocaine. Marroquin agreed to pay $1250 for the narcotics, which is consistent with an ounce of cocaine, which is consistent with purchase for redistribution, but Marroquin and Cordova were not able to consummate that deal.

For the purposes of this guilty plea, Marroquin acknowledges that his relevant conduct is at least three ounces, or at least 84 grams, of cocaine, which includes amounts that he distributed and possessed with the intent to distribute and amounts distributed and possessed with the intent to distribute by co-conspirators pursuant to jointly undertaken criminal activity that was reasonably foreseeable to him and within the scope of the conspiracy.

I.  Sentencing Factors

Pursuant to 18 U.S.C. § 3553(a) the court shall impose a sentence that is sufficient, but not greater than necessary to comply with the purposes of the statute which include the need for the sentence: (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training.

In addition, the statute requires the court to consider a number of factors in determining the appropriate sentence: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the purposes of the statute; (3) the kinds of sentences available (4) the sentencing guidelines; (5) policy statements; (6) the need to avoid unwarranted sentence disparities; and (7) the need to provide restitution to any victims.

II.  Statutory Maximums and the U.S. Sentencing Guidelines.

The offense of conspiracy to distribute and possess with the intent to distribute a detectable

amount of cocaine and heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C), carries a maximum penalty of 20 years imprisonment.  There is no mandatory minimum sentence of imprisonment associated with this offense.

The Presentence Investigation Report ("PSR") calculates the defendant's total offense level as 12 and a criminal history category of II, for a guideline imprisonment range of 12-18 months.  The parties assumed at the time of the plea that the estimate guideline range was 6-12 based on their belief that the defendant had a criminal history category of I, and that the defendant was eligible for a two level decrease pursuant to USSG § 2D1.1(b)(17).  The government has no objection to the PSR.

  III. <u>Argument</u>

The government recommends that the Court sentence the defendant to the bottom of the guidelines range – 12 months.

The nature and circumstances of this offense is serious.  Defendant participated in a wide ranging conspiracy to distribute cocaine in the D.C. metropolitan region.  The defendant worked with, or attempted to work with, two separate suppliers of cocaine, Ferrebu and Cordova, to obtain amounts in order to redistribute them to other customers.

The history and characteristics of the defendant weigh in favor of a sentence consistent with the Guidelines.  Defendant was on probation at the time of the offense for a nonviolent but serious conviction, and while he appeared to be otherwise attempting to follow the rules of that supervision, <u>see</u> PSR paragraph 45 (noting attendance in substance abuse counseling), he clearly committed the instant offense at a time when he should have been most law abiding.  To be fair, the defendant successfully met all but one of the factors – prior criminal history – which would

have entitled him to a two point decrease under the "Safety Valve" provision. The defendant quickly took responsibility for his conduct and pled guilty. On balance, 12 months of incarceration both factors in his criminal history score and the seriousness of his conduct while balancing his willingness to accept responsibility. The government agrees some departure because of his immigration status may also be appropriate.

IV. Conclusion

For the foregoing reasons, the government recommends that the Court sentence the defendant to the bottom of the Sentencing Guidelines at 12 months, with an additional departure because of his immigration status as appropriate.

Respectfully Submitted

Channing D. Phillips
United States Attorney

BY: _____/s/_____
Jeffrey Pearlman
Assistant United States Attorney
United States Attorney's Office
555 Fourth St., NW. 4th Floor
Washington, D.C. 20001
202-252-7680
Jeffrey.pearlman@usdoj.gov