**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA )
)
v. ) CRIMINAL NO. 15-CR-148(8) (CRC)
)
JOSE MARROQUIN )

**MEMORANDUM IN AID OF SENTENCING**

After reviewing the *Presentence Investigation Report* (PSR) with Mr. Marroquin in Spanish, counsel for Mr. Marroquin respectfully submits this sentencing memorandum for the Court's consideration in fashioning a sentence that is sufficient but not greater than necessary.

## I. Procedural History

Mr. Marroquin was arrested on October 29, 2015 and has been incarcerated since then. In accordance with the terms of a plea agreement, on February 11, 2016, Mr. Marroquin entered a plea of guilty to Count 1 to the Indictment charging him with Conspiracy to distribute and possess with the intent to distribute a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(c) & 846. The PSR Report calculated his Total Offense Level as 12 and his Criminal History Category as II under the 2015 edition of the *United States Sentencing Guidelines* (USSG). This calculation takes into account a two-level reduction for

Defendant's acceptance of responsibility, *See* PSR,¶ 74, and a two level addition for committing the offense while on probation *See* PSR,¶ 47. These calculations result in a guideline sentencing range of 12 to 18 months in prison.[1] We respectfully request a sentence of time served which is consistent with the statutory factors set forth in 18 U.S.C. §3553(a) and *United States v. Smith*, 27 F.3d 649 (D.C. Cir. 1994).

**II. Sentencing Factors**

*United States v. Booker* 125 S. Ct .738 (2005) has returned to the Courts the ability to apply the traditional sentencing factors in determining a sentence. The Court must "consider all of the § 3553(a) factors," make an individualized assessment based on the facts presented," and explain how the facts relate to the purposes of sentencing. *Gall v. United States*, 552 U.S. 38, 53-60 (2007); *Pepper v. United States*, 131 S. Ct. 1229, 1242 (2011). The Court's "overarching" duty is "to impose a sentence sufficient, but not greater than necessary to accomplish the goals of sentencing." *Pepper*, 131 S. Ct. at 1242-43.

The factors applicable to this case under 18 U.S.C. §3553(a)(2) are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

---

1 Although Mr. Marroquin had completed his 18 classes of substance abuse counseling, *See* PSR,¶ 45, he did not understand that he was "still on probation" at the time this offense was committed.

(2) the need for the sentence imposed –

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; and

(3) the kinds of sentences available.

## III. The appropriate sentence: punishment, deterrence, protection and correction: "We were very poor but we were all together."

Mr. Marroquin was arrested for this offense on October 29, 2015. He was completely truthful and candid throughout these proceedings at every step. He came to the land of milk and honey in order to support his family back home and for no other reason. He expressed regret from his conduct and asked for forgiveness. Mr. Marroquin is 35-year-old El Salvadoran. As the PSR indicates, he grew up in a large, poor and loving family. He has a common law wife and two young children. He completed the 6th grade. He left El Salvador in 2012 to come to the United States to seek employment. He provides support regularly for not only his wife and children but other members of his family. He sent money for the dyalisis to treat his brother's kidney disease. Since coming to the Washington DC

metropolitan area, Mr. Marroqin has had steady work and lived peaceably in the same place for at least 18 months.

Mr. Marroquin requests that the Court calculate his sentence at the low end of the *Guideline* range and allow an additional 6-month departure under *Smith, supra,* making the adjusted guidelines range six – twelve months for the following reasons which would allow for a sentence of time served:

1. A sentence of time served in this case represents a substantial period of time and therefore reflects the seriousness of this non-violent offense. As noted by the United States, Mr. Marroquin plead guilty early (first in fact). *See* PSR,¶ 27. This is especially important because this case involves a large number of defendants and it is highly likely that his plea caused the other plea in the case and will cause others to plead guilty.

2. The incarceration already served, six months, is a substantial sentence for his non-violent conduct which was merely transferring a small amount of cocaine from one person to another[2]. A sentence of time served would promote respect for the law for this type of conduct and deter others from committing like crimes in the future.

3. A sentence calculated at the low end of the guidelines with the *Smith* departure would protect the public from further crimes of the defendant.

Based on his behavior since being arrested, there is little likelihood that Mr. Marroquin will engage in this misconduct in the future. He was completely honest and forthcoming with the arresting agents, the prosecutor and the probation officer. He has willingly attended classes at the DC jail and actively participated in them.

4. The defendant pleaded guilty quickly and thus saved the need for a trial and the expenditure of scarce judicial resources.

**IV. A departure from the guideline range, in accordance with *United States v. Smith,* is warranted because the defendant's status as a deportable alien will result in a substantial difference in the severity of his sentence and the greater severity is undeserved.**

There are sufficient mitigating circumstances as a result of Mr. Marroquin's status as a "deportable [inadmissible] alien." These circumstances are of such a kind and degree that have not been taken into consideration by the Sentencing Commission in formulating the guidelines that apply to Mr. Marroquin's case. *See United States v. Smith,* 27 F. 3d 649 (D.C. Cir. 1994)(interpreting 18 USC §3553(b) and *United States Sentencing Guidelines,* Section 5K2.0, involving downward departures based on mitigating circumstances). In *United States v. Smith, supra,* this Circuit concluded that "a downward departure may be appropriate where the defendant's status as a deportable alien is likely to cause a fortuitous increase in the severity of his sentence . . . ." The Court ruled that:

2 The parties have agreed on a forfeiture amount of $100.

> For a departure on such a basis to be reasonable the difference in severity must be substantial and the sentencing court must have a high degree of confidence that it will in fact apply for a substantial portion of the defendant's sentence. Finally, as the defendant's status as a deportable alien is by no means necessarily unrelated to his just desserts, even a court confident that the status will lead to worse conditions should depart only when persuaded that the greater severity is undeserved.

*Id. See also,* 28 CFR § 550.55(b) which governs inmates ineligible for early release among whom are Immigration and Customs Enforcement detainees.

Mr. Marroquin submits that as a deportable alien his sentence under the *Guidelines* will result in an undeserved "fortuitous increase in the severity of his sentence." Similar to the defendant in *Smith*, defendant Marroquin's status "renders him ineligible for the benefits of 18 USC §3624(c) which directs the Bureau of Prisons, to the extent practicable, to assure that prisoners spend part of the last 10% of their sentences (but not more than six months) under conditions—possibly including home confinement—that will 'afford the prisoner a reasonable opportunity to adjust to and prepare for his re-entry into the community.'" *Smith* at 651; *see also Lartey v. Department of Justice,* 790 F. Supp 130 (WDLA 1992)(the right to participate in pre-release programs only applies to prisoners who are being released to a community within the United States and, therefore, excludes deportable aliens). Moreover, Mr. Marroquin will not be eligible for a halfway house or prison camp due to his status as an illegal alien. Also, he will not be able

to work while in prison as part of the Federal Prison Industries Program nor will he be eligible for vocational training. Finally, the United States agrees that some departure is appropriate.

## CONCLUSION

Mr. Marroquin's status as a deportable alien and the consequences resulting from that status amount to a mitigating circumstance of a kind and degree not adequately taken into consideration by the Sentencing Commission and, consequently, Mr. Marroquin is entitled to a downward departure from his calculated guideline range. *Smith* at 655. Moreover, his determination to support his family and early acceptance of responsibility all suggest that a sentence below the applicable guideline is appropriate.

**WHEREFORE**, after considering all of these matters, Mr. Marroquin respectfully requests that the Court sentence him to the low end of the guidelines, taking into consideration a downward departure of six (6) months from the PSR's calculation of 12-18 months, in accordance with *United States v. Smith* and credit for time already served. This will result in a sentence that is sufficient but not greater than necessary to comply with 18 USC § 3553(a), will reflect the seriousness of the offense, will promote respect for the law, provide just

punishment for the offense, afford an adequate deterrent to future criminal conduct, and protect the public from further crimes of the Defendant.

Respectfully submitted,
KIRA ANNE WEST

By: /s/
Kira Anne West
DC Bar No. 993523
1325 G Street N.W., Suite 500
Washington, D.C. 20005
Phone: 202-236-2042
kiraannewest@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify on the 27th day of April, 2016, a copy of same was delivered to the parties of record via ECF & to the US Probation Officer assigned to this case.

/S/
Kira Anne West