# BALAREZO LAW

400 SEVENTH STREET
SUITE 306
WASHINGTON, DC 20004

A. EDUARDO BALAREZO, ESQ.
ADMITTED IN NY, MD & DC
AEB@BALAREZOLAW.COM

(202) 639-0999 (TEL)
(202) 639-0899 (FAX)

WWW.BALAREZOLAW.COM

November 30, 2016

Honorable Christopher R. Cooper
United States Courthouse
333 Constitution Avenue, NW
Washington, DC 20001

    Re: *United States v. Sonia Rosa Rosa Solis*
       Criminal No. 15-148

Dear Judge Cooper:

   I respectfully write to inform the Court that Ms. Rosa Rosa Solis desires to change her plea and enter a plea of guilty to the indictment. The parties have not entered into a plea agreement. The purpose of this letter is to memorialize the factual basis for a plea and to assist the Court in the Rule 11 colloquy.

## Offense of conviction

1. Ms. Rosa Solis will plead guilty to Count One of the Indictment now pending against her, which charges her with conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin, cocaine and cocaine base in violation of 21 U.S.C. § 846. Ms. Rosa Solis admits that she is, in fact, guilty of the offense and will so advise the Court.

## Elements of the Offense

2. The elements of the offense to which Ms. Rosa Solis will plead guilty are as follows:

### Count One

a. Ms. Rosa Solis knowingly, unlawfully and intentionally became a member of the charged conspiracy;

b. The purpose of the conspiracy was to distribute and possess with intent to distribute heroin, cocaine and cocaine base;

    c.      The quantities of heroin, cocaine and cocaine base exceeded 1 kilogram; and

    d.      At least one overt act in furtherance of the conspiracy was committed in the District of Columbia.

## Penalties

3.      The maximum sentence provided by statute for Count One is as follows: life imprisonment with a mandatory minimum of ten (10) years imprisonment, a $10,000,000 fine, and at least five (5) years supervised release.

In addition, Ms. Rosa Solis must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order her to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise.

Ms. Rosa Solis understands that if she serves a term of imprisonment, is released on supervised release, and then violates the conditions of her supervised release, the supervised release could be revoked - even on the last day of the term - and Ms. Rosa Solis could be returned to custody to serve another period of incarceration and a new term of supervised release. Ms. Rosa Solis understands that the Bureau of Prisons has sole discretion in designating the institution at which she will serve any term of imprisonment imposed.

## Waiver of Rights

4      Ms. Rosa Solis understands that by pleading guilty, she surrenders certain rights as outlined below:

    a.      If Ms. Rosa Solis had persisted in her plea of not guilty, she would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if Ms. Rosa Solis, the government and the Court all agreed.

    b.      If Ms. Rosa Solis elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and Ms. Rosa Solis would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before Ms. Rosa Solis could be found guilty of any count. The jury would be instructed that Ms. Rosa Solis was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

---

[1] Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, Ms. Rosa Solis shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

BALAREZO LAW

    c. If Ms. Rosa Solis went to trial, the government would have the burden of proving Ms. Rosa Solis guilty beyond a reasonable doubt.  Ms. Rosa Solis would have the right to confront and cross-examine the government's witnesses.  She would not have to present any defense witnesses or evidence whatsoever.  If she wanted to call witnesses in her defense, she would have the subpoena power of the Court to compel the witnesses to attend.

    d. Ms. Rosa Solis would have the right to testify in her own defense if she so chose, and she would have the right to refuse to testify.  If she chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from her decision not to testify.

    e. If Ms. Rosa Solis were found guilty after a trial, she would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against her.  By pleading guilty, Ms. Rosa Solis knowingly gives up the right to appeal the verdict and the Court's decisions.

    f. By pleading guilty, Ms. Rosa Solis will be giving up all of these rights.  By pleading guilty, Ms. Rosa Solis understands that she may have to answer the Court's questions both about the rights he is giving up and about the facts of her case.  Any statements Ms. Rosa Solis makes during such a hearing would not be admissible against her during a trial except in a criminal proceeding for perjury or false statement.

    g. If the Court accepts Ms. Rosa Solis' plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find her guilty.

    h. By pleading guilty, Ms. Rosa Solis will also be giving up certain valuable civil rights.

**Factual Statement**

Ms. Rosa Solis understands that if this matter had proceeded to trial, the government would have proven the following beyond a reasonable doubt:

On June 6, 2015, a shipment of foodstuff was flown from Guatemala City, Guatemala by Aeromexico to John F. Kennedy Airport in New York.  Six containers within the shipment contained 45 small boxes.  A United States Customs and Border Protection canine alerted to three boxes.  The smaller boxes contained 2.273 kilograms of heroin; 1.559 kilograms of heroin and 2.043 kilograms of heroin, respectively.  On June 7, 2015, a separate canine alerted to a fourth box, which contained 1.193 kilograms of heroin.  Law enforcement seized the heroin.  Ms. Rosa Solis was involved in the shipment of the foodstuff to coconspirators in the United States.  Some of those coconspirators had previously distributed narcotics in Washington, DC, Maryland and elsewhere.

## Advisory Guidelines Apply

5.Ms. Rosa Solis understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998.  Ms. Rosa Solis further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

a.Ms. Rosa Solis believes that the offense to which she is pleading guilty has a base offense level of 32, pursuant to U.S.S.G. § 2D1.1(4) because the amount of heroin Ms. Rosa Solis conspired to distribute was at least 3 kilograms but less than 10 kilograms.  Ms. Rosa Solis understands that the government's position is that she was responsible for the distribution or possession with intent to distribute 6.5 kilograms of heroin.

b.Upon information and belief, the government does not oppose a two-level reduction in Mr. Ms. Rosa Solis' adjusted offense level, based upon Ms. Rosa Solis' recognition and affirmative acceptance of personal responsibility for her criminal conduct.  It is also believed that the government move the Court pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease in recognition of Mr. Ms. Rosa Solis' acceptance of personal responsibility for her conduct.  Ms. Rosa Solis also understands that the government will not oppose a two-level decrease pursuant to U.S.S.G. § 5C1.2.

c.Based on the information currently available, Ms. Rosa Solis falls into criminal history category I.  If the Court were to find that Ms. Rosa Solis was responsible for 6.5 kilograms of heroin, minus the reductions for acceptance of responsibility and the "safety valve," Ms. Rosa Solis' adjusted offense level would be 27.  With a criminal history category of I, her guideline sentencing range would be 70 to 87 months.  Ms. Rosa Solis understands that the Court makes the final determination as to her criminal history and sentencing guideline range.

Ms. Rosa Solis respectfully requests a date for a change of plea at the convenience of the Court.

Sincerely,

/s/

_____
A. Eduardo Balarezo, Esquire