IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Crim. No.15CR148 (CRC) |
| v. | : | |
| | : | |
| *PABLO RAMIREZ* | : | |
| | : | |

*(defendant)*

## DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

**COMES NOW,** Pablo Ramirez, the defendant, through undersigned counsel, and moves this Honorable Court to sentence him to a sentence of not more than 18 months incarceration pursuant to the Rule 11(c)1(C) agreement entered into by the parties.

### I.     Procedural Background

In December 2015, Mr. Ramirez was arrested on this matter in Pennsylvania.  On or about January 22, 2016, Mr. Ramirez was brought before this court for his initial hearing in a multi-co-defendant case.  On December 22, 2016, Mr. Ramirez entered a guilty plea to Conspiracy to Distribute and Possess with Intent to Distribute a Distributable Amount of Heroin and a Detective Amount of Cocaine and Cocaine base, in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(C), a lesser included offense of Count One of the Indictment.  Sentencing is scheduled for March 8, 2017.

### II.     Statutory Framework/Guidelines

The offense of Conspiracy to Distribute and Possess with Intent to Distribute a Distributable Amount of Heroin and a Detective Amount of Cocaine and Cocaine base, in violation of 21 U.S.C. 841(a)(1) and (b)(1)(C), carries a maximum sentence of up to 20 (twenty) years imprisonment, a term of supervised release of at least 3 years and a fine of not more than $1,000,000. Mr. Ramirez agrees with the sentencing guidelines offense level as calculated in the pre-sentence report ("Report") of level 23.  As he has no criminal history, he has no criminal history points and his criminal history category is level I. The United States Sentencing Guidelines recommend a sentencing range of 46-57 months imprisonment.  The parties agreed to an Rule 11(c)(1)(C) plea with a sentencing range of 18-30 months.  Mr. Ramirez urges the court sentence him to 18 months with credit for time served.

### III.  Additional Sentencing Factors Pursuant to 18 U.S.C. §3553

Mr. Ramirez moves this court to sentence him to a sentence of not more than 18 months incarceration with credit for time served.  The sentence he moves for is reasonable.  A greater sentence would be overly punitive, unreasonable, a waste of tax payer expenditure and is not warranted in this case.  In conjunction and consideration of the other §3553(a) sentencing factors the court must take into account, such a sentence is reasonable and just.  Said sentence takes into account his lesser involvement in this case than others, his lack of knowledge as to the full conspiracy, a *Smith*

departure (see *United States v. Smith*, 27 F.3d 649 (D.C. Cir. 1994), as well as mitigating factors pertaining to his background.

**(a) <u>Reflect seriousness of the offense and promote respect for the law, 18 U.S.C. §3553(a)(2)(A)</u>**

Mr. Ramirez's request for a sentence of 18 months is contemplated by the statute.  There is no mandatory minimum sentence for this offense, hence a sentence of zero jail time is fully within the scope of sentences permitted by law.  The offense in question, a drug offense by its very nature, is a serious offense.  The sentence urged upon the court is a fair sentence and reflects the seriousness of the offense and promotes respect for the law.

**(b) <u>Personal Characteristics</u>**

Mr. Ramirez is 36 years old.  He has no prior arrests for drug trafficking activity, and his two convictions pertain to driving infractions for which no points are assessed.   It is truly tragic that Mr. Ramirez became involved in Palencia-Estrada's drug conspiracy.  Outside of his involvement in this case, Mr. Ramirez is a very hard working ambitious man, just the kind of person this country needs.   After working for several years for other construction companies, he opened up his own remodeling construction company.  He hired 15-20 employees, providing jobs to others in the area.  He had the wherewithal to learn the construction business and take the necessary steps to be able to set up a small business and thrive.   He received solid large work projects to include a contract to build a Hampton Inn hotel

and at the time of his arrest he was working on construction of an apartment complex.  (see attachment A, payment Stubs for work performed).

It is truly commendable that Mr. Ramirez was able to establish his own company and receive large construction site projects within the first year of his business.  Many other workers in the construction business may only dream of opening up their own business but never actually take the steps to do so.  He has now lost all of what he worked so hard to obtain.   Mr. Ramirez had attained the "American Dream" and was able to support his family.

Additionally, Mr. Ramirez now faces deportation.  This means he will be separated from his loving family.  He has been in a common law marriage since 2003 with Rosario Rangel.  Ms. Rangel appears for all court hearings and has met with undersigned as well.  She has great concern for her husband.  They have three children in common.  Letters from his eldest son and from friends show what a kind, generous family man, Mr. Ramirez is. The consequences of Mr. Ramirez' involvement in the instant offense, irrespective of the prison sentence, are very unfortunate.  As he lost his business and he will be separated from his family, his mitigating circumstances warrant the 18 month sentence he urges the Court impose.

## IV.   <u>Conclusion</u>

**WHEREFORE**, for the above stated reasons, any other reasons presented during the sentencing hearing, and any other reasons this Honorable Court deems relevant, Mr. Ramirez respectfully requests this

Honorable Court sentence him to not more than 18 months, and it is a

reasonable sentence considering all other sentencing factors.

Respectfully submitted,

ELITA C. AMATO


/s/
Elita C. Amato, Esq.
 2111 Wilson Blvd.,
8th Floor
Arlington, VA  22201

Tele:  703-522-5900


## CERTIFICATE OF SERVICE

I hereby certify that this Memorandum was filed electronically
through the ECF filing system on this 1st day of March 2017,
thereby, providing notice to the parties and a copy of the pleading
and attachments were served to the email address of government
counsel.

/s/

Elita C. Amato