**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **Criminal Case No. 15-148-6 (CRC)** |
| | : | |
| **Sonia Marilis Rosa Solis,** | : | |
| | : | |
| **Defendant.** | : | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits its memorandum in aid of sentencing.

### Factual Summary

Between on or about March 2015 to on or about October 2015, William Estrada sold heroin and cocaine. On April 22, 2015, during which time a Court authorized wiretap was operating on Estrada's cellphone, Estrada was contacted and told that suitcases and bags were being brought to him. Estrada then texted Solis, a citizen of Guatemala who was part of the conspiracy, that "the food arrived today." Solis and Estrada discussed whether Solis should "call the people so they can go and pick up their stuff today." Solis also told Estrada to send pictures using WhatsApp, a texting platform.

Although Estrada indicated to Solis that he would be available the next day, Solis asked Estrada whether "it is possible for just one stubborn person to go today." Estrada then called an unidentified male and invited that person to his address. Surveillance showed Estrada exiting his residence carrying a bag and going to the passenger side of a red SUV. The next morning, on

1

April 23, 2015, Julio Cordova contacted Estrada, saying he was "Chiquimula's friend." Chiquimula is a state in Guatemala where Solis resides. Cordova stated he was told Estrada would be given some little things. Shortly thereafter Solis told Estrada that "the gelatin" was for the person who had called. Surveillance showed a subsequent meeting between Estrada and a person consistent with Cordova. In another transaction, Solis told Estrada to give "Chico" the "sweets." Estrada then met with Edin Gamez-Barrios later that day. Surveillance activity also indicates that Estrada met with a fourth person as well.

Surveillance also showed Estrada place a cardboard box at a dumpster at his building of residence. Law enforcement recovered the box and several boxes with white labels indicating that the boxes had come through JFK Airport in New York, from a specific shipment with eight smaller boxes weighing 272 kilograms. The package originated from Guatemala and was flown by Aeromexico to the United States to JFK, and consigned to a specific individual in New York. On April 30, 2015, Solis stated that she was going to hook Estrada up for doing deliveries and would "give him something for what he's going to move for her over there."

On June 6, 2015, a 216 kilogram shipment was flown from Guatemala City, Guatemala by Aeromexico to JFK. Six containers within the shipment contained forty-five small boxes. Four of the boxes were marked Hand Airway Bill 1106, 1107, 1109, and 1114. A United States Customs and Border Protection canine alerted to 1106, 1107, and 1109. The remaining boxes were segregated. The boxes were all bound for the same consignee as the April 22, 2015 package. Seventy-four packets of drink mix inside 1107 tested for heroin, a total of 2.273 kilograms. Six packages of drink mix in 1106 also tested positive for heroin, a total of 1.559 kilograms. Six packages of gelatin mix inside 1109 contained 2.043 kilograms of heroin.

A separate canine on June 7, 2015 alerted to HAWB 1114. 1114 contained eighteen packages of pretend food stuffs that tested positive for heroin, a total of 1.193 kilograms of heroin. The remaining packages were sent to the consignee. US CBP maintained control of the heroin and eventually transferred it to the Federal Bureau of Investigation.

The conspirators were initially unaware of the seizure. On June 6, 2015, a Court authorized wiretap recorded that Solis told Estrada that Estrada should be alert and to "go over there." Solis told Estrada that she wanted photos. Subsequently, Estrada and co-defendant Pablo Ramirez went to Ramirez's house at 8812 Courtland Lane, Lanham, Maryland. On June 8, 2015, Solis said it was "not BS today" and that "That is going to arrive soon. It's in New York." On June 9, 2015, at 1:17 AM, Solis indicated, "It's 1106," an apparent reference to package 1106. At 1:43 AM, Estrada sent a picture to Solis of what appeared to be foodstuffs with US CBP tape. In a series of texts and conversations over the next few days, it became clear to members of the conspiracy that the boxes containing the narcotics had been removed from the shipment and that it was not clear who had taken the narcotics. On June 17, 2015, agents investigated the dumpster at 8812 Cortland Lane and located some of the packaging material, including evidence that the boxes delivered to 8812 Cortland Lane were from the same shipment as the seized boxes containing narcotics.

## Sentencing Factors

Pursuant to 18 U.S.C. § 3553(a) the court shall impose a sentence that is sufficient, but not greater than necessary to comply with the purposes of the statute which include the need for the sentence: (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to

protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training.

In addition, the statute requires the court to consider a number of factors in determining the appropriate sentence: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the purposes of the statute; (3) the kinds of sentences available (4) the sentencing guidelines; (5) policy statements; (6) the need to avoid unwarranted sentence disparities; and (7) the need to provide restitution to any victims.

The defendant pled guilty without an agreement to Count One of the Indictment, charging the defendant with conspiracy to distribute and possess with the intent to distribute a mixture or substance containing a detectable amount of cocaine base, and a detectable amount of heroin, and a detectable amount of cocaine.  21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(C), 841(b)(1)(B)(iii).  The presentence report calculated the base offense level as 32, and subtracted for "safety valve" pursuant to USSG § 2D1.1(b)(17), and for acceptance of responsibility, for a total level of 27 in criminal history category I, for a range of 70-87 months.   Paragraphs 30-39, 69.

## Argument

The government recommends that the Court sentence the defendant to within the USSG range, less an appropriate time period pursuant to <u>United States v. Smith</u>, 27 F.3d 649, 655 (DC Cir. 1994).

The nature and circumstances of this offense is serious.   Defendant participated in a wide ranging conspiracy to distribute cocaine and heroin in the DC metropolitan region.   The defendant worked with Estrada to direct specific shipments to individuals distributing in the DC metropolitan region over several communications captured through the wiretaps.   The government disagrees

that a minor role is appropriate, but does acknowledge her lack of criminal history and acceptance of responsibility in this case.

                                        Respectfully Submitted

                                        Channing D. Phillips
                                        United States Attorney

BY:          _____/s/_____
               Jeffrey Pearlman
               Assistant United States Attorney
               555 Fourth St., NW, 4th Floor
               Washington, DC 20001
               202-252-7680
               Jeffrey.pearlman@usdoj.gov